UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID A BARNETT, | } |
| | } |
| Plaintiff, | } |
| VS. | }   CIVIL ACTION NO. H-09-583 |
| | } |
| CLAY MATHMATICS INSTITUTE, | } |
| | } |
| Defendant. | } |

## **OPINION & ORDER**

Pending before the Court is Defendant Clay Mathematics Institute's ("Clay Mathematics") Motion to Dismiss (Doc. 3) and the response thereto. For the reasons explained below, the Court GRANTS the motion.

Plaintiff David Barnett ("Barnett") brought suit after entering into a mathematics contest organized by Clay Mathematics. Barnett alleges that, as a result of the competition, "false and or misleading statements concerning science and technology have consistently obstructed my participation in the economy of the United States of America, and has possibly caused damage to public and private property, and has possibly caused the loss of human life, and incites violence." Barnett requested seven million dollars in damages. Clay Mathematics moves to dismiss the cause of action for lack of personal jurisdiction, Fed R. Civ. P. 12(b)(2), lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6). Finding that the complaint fails to state a claim, the Court dismisses with prejudice and does not address the remaining grounds for dismissal.

In considering whether Plaintiff has stated a claim, the Court looks to the standard laid out in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-1965 (U.S. 2007). Federal Rule of

Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-1955 (citations omitted). Here Barnett factual allegations consist of his entering into a mathematics competition organized by Clay Mathematics, while on the other hand, his stated causes of action include matters as grave as loss of human life. His complaint is insufficient under *Twombly* because the factual allegations do not support his causes of action. Barnett's complaint at most suggests a possible breach of contract cause of action or misrepresentation cause of action arising from the competition. As Defendant points out, however, Barnett did not plead that a contract existed, nor did he plead what misrepresentations occurred. Thus, no cause of action can be discerned from the complaint. Consequently, the Court GRANTS the Motion to Dismiss (Doc. 3) and DISMISSES WITH PREJUDICE the instant action.

    SIGNED at Houston, Texas, this 11th day of August, 2009.

_____<br>
MELINDA HARMON<br>
UNITED STATES DISTRICT JUDGE